

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-3-2008

# Aguilera-Ramos v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3704

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Aguilera-Ramos v. Atty Gen USA" (2008). *2008 Decisions.* Paper 414.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/414

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3704
_____

EDWIN AGUILERA-RAMOS,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A97 916 987
Immigration Judge: Andrew R. Arthur

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 2, 2008

Before: RENDELL, JORDAN and VAN ANTWERPEN, <u>Circuit Judges</u>

(Opinion filed:  October 3, 2008 )
_____

OPINION
_____

PER CURIAM

Edwin Aguilera-Ramos petitions for review of an order of the Board of

Immigration Appeals (BIA or Board).  For the reasons that follow, we will deny the

appeal.

Aguilera-Ramos is a native and citizen of Bolivia. He came to the United States in 1998 on a visitor's visa and stayed longer than permitted. He was picked up by a Border Patrol agent at a bus stop, and he was served with a Notice to Appear in February 2007 charging him with the overstay.

In removal proceedings, Aguilera-Ramos's attorney indicated that he would potentially be eligible for adjustment of status, as his permanent resident daughter was about to apply for naturalization. Aguilera-Ramos also applied for voluntary departure. On March 19, 2007, the Immigration Judge (IJ) found him removable but granted voluntary departure.

Aguilera-Ramos appealed to the BIA, which dismissed the appeal on August 23, 2007 on the ground that Aguilera-Ramos had waived appeal and had failed to argue that his decision to waive appeal was not knowing and intelligent. Aguilera-Ramos filed a timely petition for review in this Court.

We have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252. However, our jurisdiction extends only to the issue of whether the BIA properly dismissed Aguilera-Ramos's appeal. We hold that the BIA properly dismissed the appeal. The Immigration Judge's (IJ's) order shows that appeal was waived "by both" parties. A.R. 17. While Aguilera-Ramos did not expressly "waive" his appeal, he had no reason

to appeal, as the IJ had granted him the only relief he had requested.[1] Aguilera-Ramos's notice of appeal to the Board does not challenge the notation on the IJ's decision that he had waived his appeal, nor does it indicate that any such waiver was anything but knowing and voluntary. A.R. 5-6. Instead, the notice of appeal attempted to raise new issues that had not been raised before the IJ, which the BIA lacked jurisdiction to consider. Thus, the BIA properly dismissed the appeal.[2]

To the extent Aguilera-Ramos argues that his due process rights were violated by the proceedings before the IJ, we reject such an argument. Aguilera-Ramos seems to suggest that the Agency should have considered his claim under the CAT, but the record does not show that he gave any indication of a fear of returning to Bolivia in proceedings before the IJ. Aguilera-Ramos also seems to indicate that his rights were violated because no translator was available in hearings, but the record indicates that a translator was used at the hearings. A.R. 25, 55. Further, to the extent Aguilera-Ramos argues that he was denied effective assistance of counsel, he did not properly raise such allegations before the Agency. A petitioner must "raise and exhaust his . . . remedies as to each

---

[1] Aguilera-Ramos had conceded that he was removable, and the only relief he requested was voluntary departure, which the IJ granted. Thus, the IJ would have had no reason to ask whether he wished to appeal.

[2] Aguilera-Ramos's notice argued that it was unfair to send him back to Bolivia, and asked that the Board remand for determination of whether relief was available under the United Nations Convention Against Torture (CAT). Id. Although the Board did not address this aspect of the notice, according to Aguilera-Ramos, he later filed a motion to reopen which was denied. As noted above, however, our jurisdiction extends only to review of the August 23, 2007 decision.

claim or ground for relief if he . . . is to preserve the right of judicial review of that

claim." Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003).

For the foregoing reasons, we will deny the petition for review.[3]

---

[3] Aguilera-Ramos has also filed a "Motion for Examination of Decision 1-11-2008 Denying U.S. Benefits." We do not have jurisdiction to review a BIA decision outside the context of a timely-filed petition for review. To the extent the motion is construed as a motion to remand to the BIA, we deny the motion.